OPINION
In this accelerated calendar case, appellant, Dale R. Lehman, Jr., appeals the judgment of the Newton Falls Municipal Court finding him guilty of speeding and imposing a ninety-day license suspension with occupational privileges. As a preliminary matter, we note that appellee, the City of Newton Falls, has failed to file a brief with this court in this matter.
On December 2, 1999, appellant was charged with driving under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1), and failure to illuminate the rear license plate, in violation of R.C. 4513.05. Appellant entered a plea of not guilty to the charges.
Contrary to appellant's assertion, the record does not reflect that he was under any pretrial suspension as to his driving privileges. In fact, the trial court granted appellant full driving privileges from December 2, 1999 until February 17, 2000.
Eventually, appellant pled no contest to speeding, in violation of R.C. 4511.21. The trial court accepted his plea in a February 17, 2000 judgment entry, and appellant was sentenced to a thirty-day suspended jail term and ordered to pay a $250 fine plus cost with $100 suspended.[1] A ninety-day suspension with occupational privileges was also imposed on appellant. While the February 17, 2000 judgment entry provided credit for pre-trial license suspension, this was crossed out by a pen marking.
Sometime thereafter, appellant, without counsel, returned before the trial court questioning his license suspension.[2] At that time, the trial court explained to appellant that he was not entitled to any credit for pretrial suspension because he was never subject to such a suspension in the first place. In fact, appellant was granted full driving privileges during the course of the proceedings.
It is the February 17, 2000 judgment entry imposing a ninety-day license suspension with occupational privileges without credit for pretrial suspension from which appellant appeals, advancing a single assignment of error for our consideration:
 "The trial court erred to the prejudice of appellant when the trial court accepted appellant's no contest plea with counsel and later during a recorded proceeding modified appellant's sentence when appellant was without counsel."
 Under his sole assignment of error, appellant seems to suggest that his sentence was modified when the trial court advised appellant, without his counsel present, that there would be no credit for pretrial license suspension.
According to appellant, "[t]he plea agreement was executed by the Trial Judge and provided a pre-trial license suspension credit." This is simply untrue. The phrase "credit for pre-trial susp. [suspension]," which was contained in the February 17, 2000 judgment entry, was crossedout.[3]
Further, the trial court candidly admitted in its App.R. 9(E) statement that at the plea/sentencing hearing, the details surrounding the credit for pretrial suspension was not mentioned:
 "Defendant's [appellant] plea was taken by the trial court with Defendant's counsel present. Defendant was fully advised of all rights and waivers as required to assure that his plea was both voluntary and knowing. The specific detail regarding the credit for a `pre-trial suspension' was not orally addressed. The court commonly provides credit for the period of time that a Defendant has actually been under a pre-trial suspension and had limited or no driving privileges against that which is imposed upon conviction." (Emphasis added.)
 Only at the second proceeding did the trial court explain to appellant, without his counsel present, why he was not entitled to credit for a pretrial suspension:[4]
 "The Court: What's the problem, Mr. Lehman [appellant]?
"The Witness: The suspension.
 "The Court: This plea agreement calls you for at some point or another to be under a 90 day suspension with occupational privilege. You haven't been under it yet, have you?
"The Witness: No.
 "The Court: If you had been under any pretrial suspension you wouldn't. You're unhappy with this?
"The Witness: No, I don't understand it.
"The Court: Can you read?
"The Witness: Yes.
 "The Court: It says that you will be under a 90 day suspension at some point with occupational privileges only with credit for any pretrial suspension you were under. You were under none.
"The Witness: All right.
 "The Court: So how can I give you credit for a pretrial suspension that you weren't under?
 "The Witness: I just didn't understand why this was a suspension. I don't remember Mr. Ford [appellant's counsel] didn't explain the suspension to me. So the first I heard about it was out in the hallway.
 "The Court: It was right in the plea agreement. Did you read this plea agreement before you signed it?
 "The Witness: Yes, but I didn't pay any attention. It's my fault.
 "The Court: Well, hopefully you'll pay better attention to it in the future. There will be 90 days. You have occupational a letter for occupational driving privileges.
"The Witness: Okay.
"The Court: All right? Okay."
 By explaining to appellant why he was not entitled to credit for pretrial suspension, the trial court was not reconsidering or modifying appellant's sentence outside the presence of counsel. Rather, the trial court correctly recognized that appellant was never
subject to any pretrial suspension during the course of proceedings.[5] As such, the trial court cannot be expected to provide appellant with credit for pretrial suspension that never existed.[6]
Based on the foregoing analysis, appellant's lone assignment of error is without
merit. Accordingly, the judgment of the trial court is affirmed, and our prior stay of the trial court's order is, hereby, dissolved.
JUDGE JUDITH A. CHRISTLEY
O'NEILL, P.J., VUKOVICH, J., Seventh Appellate District, sitting by assignment, concur.
[1] Absent from the appellate record is a transcript of the plea/sentencing hearing. In lieu of a transcript, the trial court issued its own correction or modification of the record pursuant to App.R. 9(E).
[2] The appellate record contains the transcript of this subsequent encounter between appellant and the court.
[3] The record does not indicate why or when the trial court crossed out the credit for pre-trial license suspension. Presumably, this was done because there was no evidence of appellant being subject to any pre-trial license suspension.
[4] Appellant suggests that it was inappropriate for the trial court to communicate with appellant outside the presence of his counsel. While we do not endorse such conduct, we fail to recognize any prejudice resulting therefrom as the trial court did not modify appellant's sentence at this subsequent hearing.
[5] The record contains a copy of the administrative license suspension form completed by the arresting officer at the time of appellant's arrest. The form was signed by appellant and clearly indicates that there was no administrative license suspension imposed. Also, the judgment entry from the arraignment indicates that there was no "pretrial OL suspension" imposed.
[6] If appellant believed that the credit for pre-trial license suspension was, indeed, part of the plea agreement, he should have filed a motion to withdraw his guilty plea with the trial court.